<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td>

NATHEL & NATHEL, INC.,

         Plaintiff,

        v.

BREADBERRY LAKEWOOD, LLC, *et al.*,

        Defendants.

</td><td>

Civil Action No. 25-1502 (MAS) (JTQ)

**MEMORANDUM OPINION**

</td></tr>
</table>

<u>SHIPP, District Judge</u>

This matter comes before the Court on Plaintiff Nathel & Nathel, Inc.'s ("Plaintiff") unopposed Motion for Default Judgment against Samuel Gluck ("Gluck"). (ECF No. 7.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Plaintiff's Motion for Default Judgement is denied and the Complaint is dismissed without prejudice.

## I.    BACKGROUND[1]

### A.    Factual Background

Plaintiff is a New York corporation and is a licensed shipper of perishable agricultural commodities under the Perishable Agricultural Commodities Act (the "PACA"). (Compl. ¶ 3, ECF No. 1.) Defendants Breadberry Lakewood, LLC ("Breadberry") and Gluck (collectively with

---

[1] For the purposes of this unopposed default judgment motion, "'the factual allegations of the [C]omplaint, except those relating to the amount of damages, will be taken as true.'" *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Breadberry, "Defendants") are dealers engaged in the business of buying and selling wholesale quantities of produce under the PACA. (*Id.* ¶¶ 4-5.) Pursuant to an agreement between the parties, "[o]n or about March 5, 2024[,] and April 18, 2024, Plaintiff sold, shipped[,] and delivered approximately [eighteen] loads of fresh fruit and vegetables (the 'Produce') to [Breadberry.]" (*Id.* ¶ 8.)

Despite accepting the Produce shipment, Breadberry has not paid the agreed price for the Produce, leaving a balance of $61,572.00 owed to Plaintiff. (*Id.* ¶¶ 8-9.) According to Plaintiff, at the time Defendants accepted the Produce, Plaintiff was a beneficiary of the PACA statutory trust (the "PACA Trust") which is "designed to assure payment to [p]roduce suppliers." (*Id.* ¶ 10.) Plaintiff alleges that it preserved its interest in the PACA Trust in the amount owed, plus interest, and that it remains a beneficiary of the PACA Trust until Defendants pay for the Produce. (*Id.* ¶¶ 11, 35.)

Moreover, Plaintiff contends that "Defendants are the statutory trustees of the PACA [T]rust assets in their possession[,]" requiring that Defendants "hold and preserve all goods, inventories, proceeds, and receivables in trust for the benefit of Plaintiff" until Plaintiff is fully paid. (*Id.* ¶ 36.) Plaintiff believes, however, that "Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that Defendants have dissipated PACA trust assets and are on the verge of insolvency, all in violation of [S]ection 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. §46.46." (*Id.* ¶ 37.) Instead, "the PACA Trust [a]ssets were transferred by [Breadberry] to [Gluck,]" who is an officer, director, member, or shareholder of Breadberry with a duty to safeguard the assets of the PACA Trust, in breach of the PACA Trust. (*Id.* ¶¶ 44-45, 50-52, 57-58.)

## B.    Procedural Background

Plaintiff filed a complaint against Breadberry with the Secretary of Agriculture, United States Department of Agriculture (the "USDA"), under PACA to collect the amount owed by Breadberry. (*Id.* ¶ 74.) On November 1, 2024, the USDA issued a Reparations Award (the "Reparations Award") in favor of Plaintiff "in the amount of $61,572.00, plus interest at a rate of 4.26 per centum per annum from June 1, 2024[,] until paid, plus $500 in costs incurred before the USDA." (*Id.* ¶ 75; *see generally* Ex. B. to Compl. ("Ex. B"), ECF No. 1-2.) In the Reparations Award, the USDA determined that Gluck is an individual who "holds position(s) as owner, partner[], member[], manager[], officer[], director[] and/or stockholder[] and [is] determined to be responsibly connected with the firm[.]" (Ex. B 1; Compl. ¶ 75.)

Plaintiff subsequently brought this action on February 26, 2025, asserting various PACA and breach of contract claims and seeking declaratory relief and damages totaling the principal amount of $61,752.00, plus interest and attorneys' fees. (*See generally* Compl.) A process server served Defendants on March 29, 2025, and Plaintiff filed proof of service on April 8, 2025. (Summons Returned Executed, ECF Nos. 4, 5.) Defendants have not pled or otherwise defended themselves, and no appearances have been made on their behalf. After the time for Defendants to file an answer or otherwise respond passed, Plaintiff requested that the Clerk of Court enter a Clerk's default against Defendants. (Request for Default, ECF No. 6.) The Clerk of Court entered a Clerk's default against Defendants on April 25, 2025, and thereafter Plaintiff moved for default judgment against both Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (Mot. for Default J., ECF No. 7.)

On October 1, 2025, the Court issued an Order to Show Cause administratively terminating Plaintiff's Motion for Default Judgment and directing Plaintiff to "show cause as to why [the

3

Court] has personal jurisdiction over Gluck and as to how Breadberry was properly served." (Oct. 1, 2025, Order to Show Cause 3, ECF No. 11.) Thereafter, on October 24, 2025, Plaintiff filed a Notice of Voluntary Dismissal as to Breadberry, which the Court subsequently ordered. (*See generally* Not. of Voluntary Dismissal, ECF No. 18; Order of Dismissal, ECF No. 21.) On October 29, 2025, Plaintiff responded to the Court's Order to Show Cause. (Pl.'s Response to Order to Show Cause, ECF No. 20.) In light of Plaintiff's response, the Court reinstated Plaintiff's Motion for Default Judgment.[2] (*See* Dec. 3, 2025, Text Order, ECF No. 22.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 55[3] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V. I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citation omitted). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, where a defendant fails to

---

[2] The Court notes that because Plaintiff filed a Notice of Voluntary Dismissal as to Breadberry (*see generally* Not. of Voluntary Dismissal) after filing the instant motion, the Motion for Default Judgment against Breadberry was denied as moot, and the Motion for Default Judgment therefore only remains as to Gluck (*see* Order of Dismissal).

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See Pepe*, 431 F.3d at 165, 165 n.6 (citing *Corbin*, 908 F.2d at 1149). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

## III.   <u>DISCUSSION</u>

The Court must first address the threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over Gluck. *See Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). This Court has subject matter jurisdiction over this matter because it presents a federal question under PACA. *See* 28 U.S.C. § 1331; 7 U.S.C. § 499. The Court additionally has supplemental jurisdiction over Plaintiff's state law claims asserted against Gluck pursuant to 28 U.S.C. § 1367(a).

The Court, however, finds that Plaintiff has not established that the Court has personal jurisdiction over Gluck. Because Gluck is not a New Jersey resident (*see* Compl. ¶ 5), the Court does not have general jurisdiction over him and instead must consider whether it has specific

5

jurisdiction. *See Vaswani, Inc. v. Atl. Enters. Ltd.*, No. 22-137, 2023 WL 4740905, at *3 (D.N.J. July 25, 2023) ("The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction." (citation omitted)); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" (quotation marks and citation omitted)). Specific jurisdiction requires that: "(1) the plaintiff must demonstrate that the defendant purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) . . . the exercise of jurisdiction [must] otherwise 'comport[] with fair play and substantial justice.'" *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J. 2021) (quoting *Celgene Corp. v. Distinct Pharma*, No. 17-5303, 2019 WL 1220320, at *2 (D.N.J. Mar. 13, 2019)). "The plaintiff bears the burden of establishing that a court may exercise personal jurisdiction over the defendant[]." *Premier Cap. Consulting, LLC v. Hunter Foster & Assocs., LLC*, No. 21-14415, 2024 WL 1678011, at *4 (D.N.J. Apr. 18, 2024) (citation omitted). Additionally, "[o]n a motion for default judgment, the Court takes as true well-pleaded jurisdictional allegations in the [c]omplaint to assess whether [the plaintiff] has made a prima facie showing of personal jurisdiction." *Above & Beyond - Bus. Tools & Servs. For Entrepeneurs, Inc. v. Trumbo*, No. 21-3042, 2022 WL 1689759, at *3 (D.N.J. May 26, 2022) (citing *Allaham v. Naddaf*, 635 F. App'x 32, 36-37 (3d Cir. 2015)).

Here, Plaintiff's allegations stem from Plaintiff's sale, shipment and delivery of approximately eighteen loads of the Produce to Breadberry, which is a New Jersey limited liability company located in Lakewood, New Jersey. (Compl. ¶¶ 4, 8.) The Complaint further alleges that Gluck, who exercised control and management over Breadberry as its officer, director, shareholder, or member, is a resident of Kings County, New York, and at all relevant times was

6

"engaged in the business of buying and selling wholesale quantities [of] Produce in interstate commerce[.]" (*Id.* ¶¶ 5, 52-63.) In response to the Court's Order to Show Cause, Plaintiff further argues that the Court has personal jurisdiction over Gluck because: (1) "the goods in question for this underlying matter were delivered to Lakewood in the State of New Jersey"; (2) "Gluck executed a personal guarant[ee] as part of the credit application . . . executed by [Breadberry]"; (3) "[t]he execution of the credit application is a part of the normal course of credit underwriting of [Plaintiff]"; and (4) "[Plaintiff] would not have entered into sales contracts with [Breadberry] absent the personal guarant[ee] of Gluck." (Pl.'s Response to Order to Show Cause 1-2.) The Complaint and Plaintiff's response to the Order to Show Cause do not contain any other allegations connecting Gluck or Gluck's individual conduct to New Jersey. (*See generally id.*; Compl.)

As such, beyond articulating that Gluck signed the guarantee, Plaintiff does not allege any facts regarding *Gluck's* individual contact with the forum State.[4] (*See generally* Compl.) "New Jersey courts have made clear that 'standing alone, [a] guarantee cannot establish minimum contacts necessary for [a] Court, through New Jersey's "long-arm" statute, to assert personal jurisdiction' over a defendant." *Bit Holdings Fifty-One, Inc. v. Ultimate Franchises, Inc.*, No. 18-11010, 2019 WL 2296052, at *5 (D.N.J. May 30, 2019) (alterations in original) (citations omitted); *see also CPS Chem. Co. v. McIntire*, No. 88-3259, 1988 WL 112543, at *2 (D.N.J. Oct. 25, 1988) (noting that "a guarantee of a loan is, in many ways, a far less substantial contact than even a contract" and, when standing alone, "cannot establish the minimum contacts necessary for this Court"). Moreover, to the extent Plaintiff attempts to rely on the activities of Breadberry to

---

[4] The Court also notes that Gluck was served in New York. (*See* Summons Returned Executed, ECF No. 5.) "Plaintiff, therefore, cannot establish personal jurisdiction pursuant to [Rule] 4(k) because Defendant[] [was] served outside of New Jersey." *Goboori v. Scarola*, No. 18-14553, 2019 WL 3344760, at *2 (D.N.J. July 25, 2019).

7

establish jurisdiction over Gluck as an individual, such an attempt fails. *See, e.g., MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003) ("It is axiomatic that 'jurisdiction over . . . [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in' a particular forum." (alterations in original) (quoting *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000)).

Without more, Plaintiff has not met its burden of establishing that the Court has personal jurisdiction over Gluck. *See Premier Cap. Consulting*, 2024 WL 1678011, at *4. As such, Plaintiff's Motion for Default Judgment is denied and the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction over the sole remaining defendant, Gluck. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." (alteration in original) (citations omitted)).

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Default Judgment against Gluck is denied and the Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 6th, 2026